**Frankie V. JOSEPH, Petitioner-Appellant,**

v.

**LOUISIANA STATE PENITENTIARY et al., Respondents-Appellees.**

No. 73-1619

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 24, 1973.

3. The opinion of the district court is reported at 336 F.Supp. 663 (W.D.Pa. 1972).

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

ly placing and keeping Joseph in solitary confinement and for abusing him while there. *See* Sostre v. McGinnis, 2 Cir. 1971, 442 F.2d 178. "[I]t must be remembered that prisoner petitions, no less than any other complaint filed in Federal Court, may not be dismissed on the pleadings 'unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.'" Campbell v. Beto, 5 Cir. 1972, 460 F.2d 765.

Vacated and remanded.

Frankie V. Joseph, pro se.

William Guste, Atty. Gen., S. J. Dileo, Jr., Sp. Counsel, Criminal Div., Baton Rouge, La., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Frankie V. Joseph, a prisoner of the State of Louisiana, filed a Civil Rights[1] complaint seeking monetary damages from the director of state correctional institutions and several prison officials, for alleged mistreatment because he is an "Islam Muslim." The district court granted leave to file the complaint *in forma pauperis*, and subsequently dismissed it on motion of the defendants. Leave to appeal *in forma pauperis* was denied by the district court but granted by this Court.

It appears that the complaint stated a claim for damages at least for wrongful-

---

1. 42 U.S.C. § 1981 et seq.